IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID CHITYAL,                                )
       Petitioner,                      )    C.A. No. 07-254 Erie
                                              )
       v.                                    )
                                              )    **District Judge McLaughlin**
HELEN J. MARBERRY, Warden,      )    **Magistrate Judge Baxter**
FCI McKean,                                    )
       Respondent.                     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner David Chityal be denied.

**II.**    **REPORT**

    **A.**    **Background**

Petitioner is a federal inmate formerly incarcerated at the Federal Correctional Institution, McKean ("FCI McKean"), located in Bradford, Pennsylvania.[1] On November 17, 2003, he was arrested in Canada pursuant to an arrest warrant and request for extradition from the United States. A lengthy extradition challenge followed. Petitioner ultimately was detained by Canadian authorities pending extradition to the United States through May 26, 2006. On or about January 1, 2007, he appeared before the United States District Court for the District of Massachusetts and pleaded guilty to two counts of Wire Fraud, Aiding and Abetting, 18 U.S.C. § 1343 and 18 U.S.C. § 2.

On April 4, 2007, Petitioner was sentenced to serve 84 months of incarceration, followed

---

[1] When Petitioner commenced this action, he was incarcerated at FCI McKean. He is now incarcerated at a federal correctional institution located in Pecos, Texas.

by two years of supervised release. He also was ordered to pay $2,480,710.00 in restitution. In its subsequent decision affirming Petitioner's sentence on direct appeal, the United States Court of Appeals for the First Circuit described some of what occurred at Petitioner's sentencing hearing:

> [T]he district court voiced an unsparing characterization of [Petitioner] and his crimes. It called him "very clever," "conniving," "almost entirely self-referential," "a deceiver," and a "danger to society." The court announced its determination to sentence [Petitioner] to eighty-four months' imprisonment, which was more than two years above the government's recommendation. The court declined to base the sentence on a formal upward departure under U.S.S.G. § 4A1.3. Instead, it exercised its latitude under United Sates v. Booker, 543 U.S. 220 (2005), to impose a sentence outside the guideline parameters. The district court indicated that the sentence was warranted by considerations of retribution and deterrence.

United States v. Chityal, Appellate Docket No. 07-1721, slip op. at 2-3 (1st Cir. Feb. 5, 2008), at Docket No. 47 in United States v. Chityal, District Court Docket No. 03-cr-10334 (D.Mass.)

After his unsuccessful direct appeal, Petitioner commenced proceedings in this Court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Document # 5]. He challenges the Bureau of Prisons' (the "BOP's") calculation of his sentence.[2] He claims that it has failed to give him the proper sentencing credit for the time he spent in custody in Canada awaiting extradition. Respondent submitted her *Response* [Document # 18], to which Petitioner submitted a *Reply* [Document # 20]. Petitioner also has filed a supplemental brief [Document # 31].[3]

### B.    Subject Matter Jurisdiction

A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255. Where, as is the case here, an inmate is challenging the BOP's execution of his sentence, his or

---

[2] The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992).

[3] In the *Petition*, Petitioner stated that he was in the process of exhausting his administrative remedies. Respondent did not contend in the subsequently filed *Response* that Petitioner has failed to complete his administrative remedies. Therefore, the Court assumes that Petitioner's administrative remedies have been exhausted.

2

her claims must be brought under 28 U.S.C. § 2241.  See, e.g., Gomori v. Arnold, 533 F.3d 871, 873-75 (3d Cir. 1976); Unites States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004).

### C. Discussion

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment.  Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences.  In this case, the BOP determined that Petitioner's sentence commenced on the date it was imposed (April 4, 2007).  Petitioner does not challenge the BOP's determination that his sentenced commenced on that date.

Paragraph (b) of 18 U.S.C. § 3585 governs credit that a federal prisoner receives for time he spent in custody *prior* to the date his sentence commenced.  It provides:

> (b) Credit for prior custody. – *A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –*
>
> *(1) as a result of the offense for which the sentence was imposed*; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).  The BOP determined that Petitioner was entitled to receive 1,234 days of prior custody (pre-sentence) credit under § 3585(b).  It reached this result by giving Petitioner one day of credit for each day that he spent in custody until the date his sentence commenced (that is, from November 17, 2003 (the date he was arrested in Canada) through April 3, 2007 (the day before his sentence was imposed)).[4]  Accordingly, *Petitioner received the maximum amount of prior custody credit available under 18 U.S.C. § 3585(b).*

In the instant petition for writ of habeas corpus, Petitioner claims that the BOP should

---

[4] Assuming that Petitioner receives no disciplinary infractions resulting in the loss or forfeiture of Good Conduct Time available to him under 18 U.S.C. § 3634(b), his projected release date is December 22, 2009.

3

give him *two days of credit* for each day that he spent in pre-trial detention in Canada awaiting extradition to the United States (that is, from November 17, 2003 through May 26, 2006). He claims that a defendant convicted and sentenced under Canadian law would receive double credit for all time spent in pre-trial detention, and therefore so should he. (See description of Canadian law in *Petition*, Docket No. 5, at 8-9, and in *7/23/07 Correspondence from Petitioner's prior counsel to the BOP's Designation and Sentence Computation Center*, attached as Ex. B to *Petition*).

Petitioner is not entitled to the sentencing credit that he seeks. He was not convicted and sentenced under Canadian law and therefore that nation's laws do not apply to him.[5] Petitioner was convicted and sentenced under the laws of the United States and the BOP properly calculated his prior custody credit under 18 U.S.C. § 3585(b).

Perhaps realizing that he has no legal basis for the sentencing credit that he seeks, Petitioner repeatedly argues that in fairness to him the sentencing court should have imposed a lesser sentence. This Court has no jurisdiction to change the term of imprisonment imposed by Petitioner's sentencing court. A request to change the term of imprisonment imposed must be made to the sentencing court by way of a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. See, e.g., Gomori, 533 F.3d at 873-75. It is noted that Petitioner recently filed with his sentencing court a § 2255 motion in which he argues, *inter alia*, that that court should have imposed a lesser sentence because of his pre-trial detention in Canada. (See Docket No. 52 *et seq.* in United States v. Chityal, District Court Docket No. 03-cr-10334 (D.Mass.).

---

[5] In his administrative appeal to the BOP, Petitioner argued that under 18 U.S.C. § 4105, Transfer of offenders serving sentence of imprisonment, the BOP is obligated to apply Canadian law when calculating how much credit he should receive for the time he spent in Canadian custody awaiting extradition to the United States. That statute *applies to offenders who are convicted of a foreign offense and sentenced by a foreign country and who are then transferred to the United States pursuant to a treaty transfer*. It provides guidance to the BOP in the computation of the foreign sentence. Petitioner now admits that that statute has no applicability to his case because he was not convicted and sentenced of an offense in Canada. (See *Petition*, Docket No. 5, at 19; *Reply*, Docket No. 20).

### D.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  A federal prisoner's appeal from the denial of a § 2241 habeas corpus proceeding is not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of some appellate rights.  See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 21, 2009